PER CURIAM.
Appellant challenges his designation as a Violent Career Criminal (VCC) at sentencing on January 18, 2002 in Broward Circuit Court. He. argues that at the time, of sentencing he possessed only two prior felony convictions, not three as required for the VCC designation. Appellant acknowledges his criminal convictions of November 18, 1996 and May 29, 1998. However, the sentence imposed on appellant on January 10, 1997, used by the State to qualify appellant as a VCC, is the subject of dispute. On that day, appellant was sentenced “nunc pro tunc 11-18-96.”
Under the habitual offender statute, the court must designate a defendant a VCC if it finds that the defendant has been previously convicted as an adult three or more times for a forcible felony as described in section 776.08, has been incarcerated in a state or federal prison, and has not received a pardon or had the conviction set aside. Fla. Stat. § 775.084(l)(d)l-6. For purposes of the habitual offender statute, the term “conviction” is equivalent to adjudication. See McCrae v. State, 395 So.2d 1145, 1153-54 (Fla.1980).
*1147 The question is whether the proceeding of January 10, 1997, establishes a separate felony conviction from the conviction of November 18, 1996. At the proceeding of January 10, 1997, the court made the following pronouncements:
THE COURT: You already entered a plea of guilty to a few charges back in November. There was one case ...
[[Image here]]
THE' COURT: Basically, what we are going to do is pretend that we caught it and give you the same disposition that we had back in November, which is the youthful offender sentence ...
[[Image here]]
THE COURT: Done ... This will be November, sentenced November 18th, to go along with the other cases that you were already sentenced to.
The Court thus convicted and sentenced appellant nunc pro tunc to the earlier date of November 18, 1996, which was when, but for a mistake, it should have been done. The adjudication was not separate from the conviction of November 18, 1996. Therefore, at appellant’s sentencing on January 18, 2002, the State only presented evidence of two prior felony convictions, those of November 18, 1996 and May 29, 1998, so it follows that the VCC designation is illegal.
GUNTHER, POLEN and KLEIN, JJ., concur.