909 So.2d 484 (2005)
Jose Antonio COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-943.
District Court of Appeal of Florida, Fifth District.
August 26, 2005.
*485 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
*486 SAWAYA, J.
The first issue we must resolve is whether, upon resentencing Jose Colon pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), it was appropriate for the trial court to use his two convictions for capital offenses to triple his primary offense score when he was originally sentenced for the capital offenses and the primary offense at the same time. The second issue is whether the trial court erred in summarily denying Colon's claim of ineffective assistance of counsel. After the factual and procedural background, each issue will be discussed in the order presented.

Factual And Procedural Background
On January 28, 1999, Colon was found guilty of the offenses charged in the following twelve counts: Counts I, II, and IIIsexual activity with a child; Counts IV and Vlewd act upon a child; Count VIlewd act in the presence of a child; Counts VII and VIIIsexual battery; Counts IX, X, and XIIlewd act upon a child; and Count XIattempted sexual battery. Counts I through X were committed between August 1, 1996, and June 15, 1997, while Counts XI and XII were committed on August 8, 1997. Because all of these convictions were pending before the court, Colon was sentenced on all counts at the same time and on the same date, March 5, 1999. He was sentenced to life imprisonment on Counts VII and VIII, which are the two capital offenses, and sixty-six years on the remaining counts. All of the sentences were ordered to be served concurrently.
On March 4, 2002, Colon filed a motion for postconviction relief in accordance with Florida Rule of Criminal Procedure 3.850, claiming that he was entitled to resentencing pursuant to Heggs[1] and that he was denied effective assistance of counsel. On September 24, 2003, the court granted the motion with regard to the Heggs claim, but summarily denied Colon's claim of ineffective assistance of counsel.
Colon was resentenced on February 20, 2004. Because capital offenses are not subject to the sentencing guidelines, the life sentences imposed for the capital felonies charged in Counts VII and VIII were not disturbed. However, Counts I, II, III, IV, V, VI, IX, and X, which occurred between August 1, 1996, and June 15, 1997, were rescored on a 1994 scoresheet. Because Counts XI and XII were committed on August 8, 1997, they did not fall within the Heggs window,[2] and thus they were appropriately scored under the 1995 guidelines using a 1995 scoresheet. However, the 1995 scoresheet for those offenses had to be corrected to remove the points assigned to those counts that did fall within the Heggs window. On the recalculated 1995 scoresheet, the trial court tripled the primary offense points based upon the capital offenses, which were not subject to rescoring. Colon claims this was error, which forms the basis of the first issue we address.

Use Of Colon's Capital Felonies To Triple His Primary Offense Points
The 1995 scoresheet utilized in rescoring the two counts that did not fall *487 within the Heggs window contains a score for the following: "prior capital felony triples primary offense points." This multiplier is allowed by Florida Rule of Criminal Procedure 3.703(d)(13), which provides, in pertinent part, that "[i]f the offender has one or more prior capital felonies, points shall be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense." Fla. R.Crim. P. 3.850(d)(13). Colon claims that the trial court improperly increased the primary offense points using the two capital felonies because they do not qualify as "prior" offenses. Specifically, he argues that he was originally sentenced for the capital felonies and the primary offense at the same time and, therefore, the conviction date for the capital felonies does not precede the conviction date for the primary offense. The State contends that because the capital felonies were committed prior to the commission of the offenses scored on the 1995 guidelines scoresheet, the trial court properly tripled the points for the primary offense. Alternatively, the State argues that even if Colon is correct and the calculation is adjusted, the sentences would not change and, therefore, any error is harmless.
We agree with Colon that it was inappropriate to utilize the "prior capital felonies" multiplier because the two capital felonies Colon committed are not "prior" offenses. Rule 3.703(d)(15), Florida Rules of Criminal Procedure, gives the following definition: "`Prior record' refers to any conviction for an offense committed by the offender prior to the commission of the primary offense, excluding any additional offenses pending before the court for sentencing." Fla. R.Crim. P. 3.703(d)(15) (emphasis added). Because the two capital felonies were pending for sentencing at the same time as the offenses alleged in Counts XI and XII, they are not prior offenses. Further, rule 3.703(d)(15)(D) states that any uncertainty in the scoring of the offender's prior record should be resolved in favor of the offender.
Moreover, as we have previously indicated, it was appropriate to originally sentence Colon for Counts XI and XII using a 1995 scoresheet pursuant to the 1995 guidelines. The only reason the 1995 scoresheet had to be recalculated is because the Heggs-eligible offenses had to be removed and recalculated under a 1994 scoresheet. Based on the recalculated 1995 scoresheet, the corrected sentence was imposed on Colon nunc pro tunc to his original sentencing date of March 5, 1999.[3] The significance of this is that the date and time of the sentences and convictions for the offenses scored on the recalculated 1995 scoresheet and the capital felony offenses remained March 5, 1999. See Shorter v. State, 891 So.2d 1146, 1147 (Fla. 4th DCA 2005) ("The Court thus convicted and sentenced appellant nunc pro tunc to the earlier date of November 18, 1996, which was when, but for a mistake, it should have been done."); Brown v. State, 786 So.2d 1257 (Fla. 5th DCA 2001). In Briseno v. Perry, 417 So.2d 813 (Fla. 5th DCA 1982), review denied, 427 So.2d 736 (Fla.1983), we explained:
Nunc pro tunc means "now for then" and when applied to the entry of a legal order or judgment it normally refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record is absent or defective. The later record-making act constitutes but later evidence of the earlier *488 effectual act. See Luhrs v. State, 394 So.2d 137 (Fla. 5th DCA 1981), citing Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. dismissed, 317 So.2d 76 (Fla.1975), which was recently again cited with approval by this court in Blais v. Blais, 410 So.2d 1365 (Fla. 5th DCA 1982).
Id. at 814; see also Arnett v. State, 626 So.2d 308, 309 (Fla. 1st DCA 1993) ("On the final page of Appellant's July 24, 1992, Sentence appears the language `NUNC PRO TUNC AUGUST 16, 1991.' Thus the sentencing form does make it clear that the sentence is to be served from August 16, 1991, and the trial court did not err.") (citations omitted); Drumwright v. State, 572 So.2d 1029, 1031-32 (Fla. 5th DCA 1991) ("It appears, however, that by correcting the sentence nunc pro tunc, his time out of prison will be credited against his 30-year term.").
We conclude that imposition of the corrected sentence did not change the fact that the offenses scored in the recalculated 1995 scoresheet and the capital felony offenses were pending before the court for sentencing at the same time. Therefore, under rule 3.703(d)(15), the capital felonies are not "prior" offenses. Accordingly, it was inappropriate to recalculate the 1995 scoresheet with the "prior capital felonies" multiplier. The State alternatively argues this error is harmless.
We do not believe the State's harmless error argument is very persuasive. That argument is premised on its contention that even if Colon is resentenced, the sentence he would receive would still fall within the allowable sentence range on the guidelines scoresheet. Based on the trial court's calculation with the multiplier, the range is between 30.3 years and 50.5 years and without the multiplier, the range is between 18.8 years and 31.4 years. While the recalculation without the multiplier causes a significant change, it is readily apparent that the 30-year sentence falls within the sentence ranges calculated with and without the multiplier. However, in State v. Anderson, 905 So.2d 111 (Fla.2005), the court held that in direct appeals or proceedings under rule 3.850, a scoresheet error is not deemed harmless unless it is conclusively established by the record that the trial court would have imposed the same sentence in the event it had used the corrected scoresheet. We have carefully examined the record and, though a 30-year sentence is also within the corrected range, we are unable to conclude beyond a reasonable doubt, see Anderson, that the trial court would have imposed the same sentence. Therefore, we are unable to say the error in using the multiplier is harmless.

Summary Denial Of Colon's Ineffective Assistance Of Counsel Claim
Colon asserted the following nine grounds for his claim of ineffective assistance of counsel in his motion: (1) trial counsel failed to properly advise him of his right to testify; (2) trial counsel failed to object to the closing of the courtroom; (3) trial counsel was ineffective for failing to make further attempts beyond the first attempt to serve process on a witness and include the witness on the defense witness list; (4) trial counsel failed to object to and move for a mistrial involving three sleeping jurors; (5) trial counsel failed to object to prosecutorial misconduct during closing arguments; (6) trial counsel failed to timely object to and/or move to strike the defendant's stepson's testimony; (7) trial counsel failed to subpoena New York court records; (8) trial counsel failed to object to an untimely medical exam being performed on the victims; and (9) trial counsel failed to investigate evidence of mental *489 health problems with defendant at or around the time of the alleged offenses. Of these, Colon claims that the trial court erred in summarily denying grounds 1, 5, 6, 7, and 9. Of those five, we conclude that only grounds 7 and 9 warranted an evidentiary hearing.
Generally, ineffective assistance of counsel claims are subject to the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to make a successful claim, two requirements must be met: (1) deficiencythe claimant must identify particular acts or omissions of the lawyer that are outside the broad range of reasonably competent performance under prevailing professional standards; and (2) prejudicethe deficiency shown must have affected the proceeding in such a manner that confidence in the outcome is undermined. Arbelaez v. State, 898 So.2d 25 (Fla.2005); Maxwell v. Wainwright, 490 So.2d 927 (Fla.1986), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).
Ineffective assistance of counsel claims involve mixed questions of law and fact and are subject to plenary review. Stephens v. State, 748 So.2d 1028 (Fla. 1999). The trial court's factual findings are given deference, while the legal conclusions are reviewed independently. Id. "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So.2d 253, 257 (Fla.1999) (citation omitted). Additionally, when no evidentiary hearing has been held, the defendant's factual allegations must be accepted to the extent that they are not refuted by the record. Id. (citing Lightbourne v. Dugger, 549 So.2d 1364, 1365 (Fla.1989), cert. denied, 494 U.S. 1039, 110 S.Ct. 1505, 108 L.Ed.2d 640 (1990)). Accordingly, an evidentiary hearing must be held on a claim of ineffective assistance of counsel if the motion contains allegations of "specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Roberts v. State, 568 So.2d 1255, 1259 (Fla.1990) (citation omitted); see also Kimbrough v. State, 886 So.2d 965 (Fla.2004); Gaskin v. State, 737 So.2d 509, 516 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004).
Colon argues the trial court erred in summarily denying ground 7, which alleged that trial counsel was ineffective for failing to subpoena New York court records, because the records would have shown that one of the victims previously had made false allegations of abuse against him. The trial court summarily denied this ground because no reasonable probability existed that the result at trial would have been different had counsel obtained and utilized this information. However, Colon argues that the victim could have been impeached with this information. While Colon concedes it may have been a strategic decision to exclude this information from the jury, Colon argues that it also may have been an act of negligence on the part of his trial counsel. Since the claim was summarily denied, we have no way of knowing. Thus, Colon is entitled to an evidentiary hearing on this ground.
As for ground 9, Colon asserts that though the issue is framed as a complaint regarding the failure to have him examined for mental deficiency, it is actually a claim that he relied on trial counsel's guarantee of acquittal in turning down a plea offer. He claims his lawyer assured him there was no need to accept the 20-year plea offer because he would be acquitted. The trial court summarily rejected this ground as insufficient and without merit.
*490 "A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel." Steel v. State, 684 So.2d 290, 291 (Fla. 4th DCA 1996) (citations omitted); see Cowart v. State, 864 So.2d 583 (Fla. 3d DCA 2004) ("As we interpret the motion, defendant-appellant Cowart contends that his trial counsel affirmatively misadvised him that he did not qualify as a habitual offender. The defendant maintains that based on this misadvice, he rejected a favorable twenty-four-month plea offer which had been made by the State. Upon conviction the court sentenced him to twenty years as a habitual offender. As the record now before us does not conclusively refute the defendant's claim, we remand for an evidentiary hearing on that issue only.") (citation omitted); Young v. State, 625 So.2d 906, 907 (Fla. 2d DCA 1993) ("Young claims defense counsel advised him to reject the plea offer because the state could not seek to have him sentenced as a habitual offender due to the fact that it had not served him with a notice of intent to habitualize. If Young's allegations are true, he may be entitled to relief.") (citation omitted). Because the record does not conclusively refute the allegation, an evidentiary hearing is warranted.

Conclusion
We conclude that it was error to triple the primary offense points on the 1995 scoresheet by utilizing the two capital felonies Colon committed. Colon will have to be resentenced without the use of this multiplier. We also conclude that Colon is entitled to an evidentiary hearing on his ineffective assistance of counsel claim based on grounds 7 and 9 in the motion. We express no opinion regarding the merits of this claim. Finally, we affirm the trial court's summary denial of grounds 1, 5, and 6.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
PLEUS, C.J. and THOMPSON, J., concur.
NOTES
[1] In Heggs v. State, 759 So.2d 620 (Fla.2000), the court held that the Crime Control Act of 1995 was unconstitutional because it violated the single subject requirement. Id. at 627. Therefore, the 1995 sentencing guidelines were invalidated and defendants sentenced under those guidelines were entitled to resentencing under the previous guidelines.
[2] In Trapp v. State, 760 So.2d 924 (Fla.2000), the court held that defendants with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997. Id. at 928.
[3] Both scoresheets utilized at resentencing on February 24, 2004, specifically state that the date of sentence is "nunc pro tunc to 3/5/99."