EVANDER, J.
L.M. appeals from an order denying her motion to have attorney Ryan Truskoski *1061 retroactively appointed as her appellate counsel. We treat the appeal as a petition for certiorari[1] and find that the trial court’s denial of the motion constituted a departure from the essential requirements of law.
L.M. is the mother of two children whom the Department of Children and Families sought to have adjudicated dependent. Attorney Joseph Anthony was appointed to represent L.M. in the dependency proceedings held before the trial court. Ultimately, the trial court entered an order adjudicating L.M.’s children dependent. On November 20, 2006, the trial court entered an order appointing attorney Truskoski to represent the mother on appeal. The order utilized for Truskoski’s appointment appears to be a form order used for the appointment of defense counsel in criminal cases. Significantly, the order was vague with regard to the scope of Truskoski’s appointment, providing only that Truskoski was to represent L.M. “in effecting [her] appeal in this cause.”
During the pendency of the appeal of the order adjudicating L.M.’s children dependent, L.M. requested that the trial court order an independent medical examination of her children. The trial court denied the motion and subsequently entered an order appointing Anthony to represent L.M. on the appeal of this second order. Truskoski was not served with a copy of this order, nor apparently otherwise informed of its existence. Anthony requested Truskoski handle L.M.’s second appeal. Truskoski agreed and prepared and filed the appellate briefs on L.M.’s behalf. Truskoski was the attorney of record in this court on both of L.M.’s appeals.
After the resolution of the appeals, Truskoski sought compensation for his services. He was compensated for services rendered on the first appeal but not the second. His request for compensation on the second appeal was opposed by the Justice Administrative Commission (JAC) on the grounds that Truskoski was not authorized to represent L.M. on her second appeal.
In initially denying Truskoski’s request for compensation on the second appeal, the trial court found that the request was barred by the application of section 27.5304(6)(a), Florida Statutes (2007). This section provides that “[a]ny appeal, except for an appeal from an adjudication of dependency, shall be completed by the trial attorney and is considered compensated by the flat fee for dependency proceedings.” Truskoski then filed a motion for rehearing, arguing that this section was enacted on May 24, 2007, well after the initiation of the second appeal. In his motion, Truskoski correctly observed that prior to the enactment of this new statute, there was no impediment to his appointment as appellate counsel.
The trial court granted the motion for rehearing to the extent that it acknowledged that newly enacted section 27.5304(6)(a) was inapplicable to the case. Nonetheless, the trial court denied Trusko-ski’s request for compensation, finding that Anthony, not Truskoski, had been appointed to represent L.M. on the second appeal:
[b]ecause Mr. Truskoski was appointed solely for [L.M.’s] appeal of the adjudication of dependency, without a separate order for appointment for the appeal of the order denying an independent medical examination Mr. Truskoski is not *1062 entitled to compensation for such representation.
Truskoski then filed a motion to be appointed appellate counsel nunc pro tunc to February 9, 2007 — the date on which he commenced work on the second appeal. In his motion, Truskoski correctly pointed out that the November 20, 2006 order appointing him appellate counsel did not limit the appointment to the appeal from the order adjudicating L.M.’s children dependent. The trial court denied the motion and this appeal followed.
In the present case, it was not unreasonable for Truskoski to believe that he had been appointed to represent L.M. on both appeals. The initial order appointing Truskoski as appellate counsel was vague and did not specifically limit his appointment to an appeal from the order adjudicating L.M.’s children dependent. No party objected to Truskoski’s representation of L.M. on her second appeal. Truskoski, not Anthony, performed all of the work on both appeals and Anthony did not seek compensation from the JAC on either appeal. Furthermore, there is no claim by the JAC that Truskoski was aware of the order appointing Anthony for the second appeal prior to the completion of that appeal. Given these factors, we conclude the trial court departed from the essential requirements of law in denying Truskoski’s request to be appointed appellate counsel nunc pro tunc to February 9, 2007.
We recognize that a nunc pro tunc order is normally utilized to make an order effective as of the date the court orally pronounced its ruling. See, e.g., Colon v. State, 909 So.2d 484, 487-88 (Fla. 5th DCA 2005). However, this court has previously ordered a trial court to appoint appellate counsel for an indigent parent in a dependency proceeding nunc pro tunc where equity so required. M.E.K. v. R.L.K., 921 So.2d 787, 791 (Fla. 5th DCA 2006). Upon appointment of Truskoski nunc pro tunc as appellate counsel for the second appeal, Truskoski may again seek compensation for the services he reasonably performed on behalf of L.M.
Petition for Writ of Certiorari GRANTED.
SAWAYA and TORPY, JJ., concur.

. Florida Rule of Appellate Procedure 9.040(c) provides:
Remedy.
If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....