PER CURIAM.
 

 Appellant, Joseph Vars, challenges a trial court order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. In his rule 3.850 motion, Vars alleged,
 
 inter alia,
 
 ineffective assistance of trial counsel for failing to advise him that he qualified for habitual felony offender (HFO) sentencing enhancement, and for failing to advise him what the enhancement would be when he was entertaining the first of two plea offers from the State.
 
 [1]
 
 At that time, the State had not yet filed a notice of intent to seek the HFO sentence enhancement. Vars rejected the original plea offer of five years in prison, electing to proceed to trial. Sometime thereafter, the State filed a notice of intent to seek an HFO sentence, which prompted Vars to accept a plea offer of seven years in prison.
 

 Against this factual backdrop, the trial court conducted an evidentiary hearing on Vars’ claim. Ultimately, the trial court denied the claim, concluding that counsel had no duty to ascertain whether Vars qualified for HFO sentencing enhancement before the State had filed its notice of intent to seek it. This was error.
 
 See Lester v. State,
 
 15 So.3d 728, 731 (Fla. 4th DCA 2009).
 

 We therefore reverse the trial court’s order denying Vars’ motion for post-conviction relief, and remand for the trial court to reconvene the evidentiary hearing on the motion from the point prior to entry of the order on appeal. Nothing in this opinion shall be construed to prohibit the defendant and the State from engaging in further plea negotiations.
 

 Reversed and Remanded for Further Proceedings.
 

 WARNER, POLEN and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Vars raised other claims by amended motion, but they are not the subject of the chai-lenge in his initial brief filed with this court, and thus, they have been abandoned for purposes of this appeal. See
 
 Ward v. State,
 
 19 So.3d 1060, 1061 (Fla. 5th DCA 2009).