DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENSON LOUIMA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-333

[September 9, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 12010035CF10A.

Carey Haughwout, Public Defender, and Richard Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Kenson Louima ("Louima"), appeals the sentence imposed after being convicted of the crime of robbery. Louima argues that the trial court erred by compelling him to testify at the sentencing hearing, and further erred in then relying upon this testimony in sentencing him as a Prison Releasee Reoffender ("PRR") under section 775.082(9)(a)1.g., Florida Statutes (2014). We agree with Louima on this issue, and reverse and remand for further proceedings consistent with this opinion. Louima also argues that his sentence under the PRR Act is illegal because it unconstitutionally allowed the judge, rather than the jury, to find that he qualified as a PRR. We reject this last argument without further comment. *See Chapa v. State*, 159 So. 3d 361 (Fla. 4th DCA 2015).

By way of background, Louima was charged with carjacking pursuant to section 812.133, Florida Statutes. After he was found guilty of the lesser included offense of robbery, the state filed its notice of intent to seek

imposition of a PRR sentence.[1]   At the sentencing hearing, the state introduced a report prepared by a fingerprint analyst.   The report compared Louima's fingerprints that were rolled by the bailiff during his trial with those on file in Louima's prior criminal cases.  One of those prior criminal cases was identified by case number 08-6169CF10A.  The state introduced the report to establish, among other things, that Louima qualified for PRR sentencing because he had been released from prison in case number 08-6169CF10A in November of 2009.   As such, Louima qualified for PRR sentencing because this release date was within three years of the date Louima committed the crime in the present case.  *See* § 775.082(9)(a)1., Fla. Stat.  However, due to the quality of one of the prints, the analyst was unable to conclusively determine that the prints matched. The state also admitted certified records from the Florida Department of Corrections ("DOC") in support of the PRR designation.  The DOC records contained a photograph of Louima and showed that he had been released from prison in November of 2009.

There was confusion at the hearing as to which of Louima's prior criminal cases corresponded to the November 2009 release date. Eventually, defense counsel pointed out that the corresponding case was 08-6169CF10A.  In light of the fact that the fingerprint analyst was unable to provide a definitive match, the trial court indicated that the evidence presented by the state was insufficient to establish Louima's PRR status. It was at this point that the state asked the trial court for permission to question Louima about when he was last released from prison.   Over Louima's objection, the trial court permitted the state to elicit Louima's admission that he had been released from prison in November of 2009.

At the close of its evidence, the state admitted that the fingerprint evidence was inconclusive, but argued that Louima should nonetheless receive a PRR sentence based on his testimony at the sentencing hearing. Notably, however, the state never argued that the DOC records independently established that Louima qualified for PRR sentencing. Following defense counsel's argument to the contrary, the trial court concluded that Louima qualified for PRR sentencing.  It was only after making this announcement on the record that the trial court stated it would take judicial notice of the DOC records.

Louima argues, and the State concedes, that the trial court erred in compelling his testimony at the sentencing hearing.  *See Estelle v. Smith*,

[1]   The state also sought to have Louima designated as an habitual felony offender pursuant to section 775.084(1)(a)2.b., Florida Statutes.   That designation is not a subject of this appeal.

451 U.S. 454, 463 (1981) ("Any effort by the State to compel [the defendant] to testify against [the defendant's] will at the sentencing hearing clearly would contravene the Fifth Amendment."); *see also Mitchell v. United States*, 526 U.S. 314, 327 (1999) (holding that sentencing proceedings are part of the "criminal case"). Nonetheless, the State argues that the error was harmless because the trial court had the benefit of the DOC records which established Louima's prison release date. As such, the State maintains that the erroneously admitted testimony was merely cumulative and corroborative of the DOC records. We disagree.

"The harmless error test . . . places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Since the issue here relates to sentencing, the State must prove beyond a reasonable doubt that the error did not contribute to Louima's PRR sentence. *See Peterson v. State*, 2 So. 3d 146, 159 (Fla. 2009) (applying the harmless error test to determine whether the evidence in question influenced the trial court's sentencing decision).

We reject the State's argument that the error was harmless merely because the erroneously admitted testimony was cumulative and corroborative of the evidence already presented. The fact that the testimony is corroborative in nature does not necessarily render the error of admitting such testimony harmless. *See Erickson v. State*, 565 So. 2d 328, 334–35 (Fla. 4th DCA 1990) (holding that even though the erroneous admission of evidence may be harmless if the evidence is merely corroborative of other properly considered evidence, the state is still required to prove beyond a reasonable doubt that it did not contribute to the verdict). The record reflects that Louima's compelled testimony was relied upon by the trial court in deciding whether Louima qualified for a PRR sentence. Specifically, prior to Louima's testimony, the trial court indicated that the state had failed to establish that Louima qualified for a PRR sentence. It was only after Louima was compelled to testify that the trial court concluded that he was PRR qualified. Finally, at no point in time did the trial court indicate that the state had met its burden of proof by the introduction of the DOC records.

Accordingly, we reverse and remand for a new hearing to determine whether Louima qualifies for a PRR sentence.

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***