IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RANDALL A. HAUTER,

       Appellant,

 v.                              Case No.  5D16-2912

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed December 22, 2016

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Randall A. Hauter, Live Oak, pro se.

No Appearance for Appellee.

PER CURIAM.

Randall A. Hauter (the defendant) appeals the trial court's order denying his motion for post-conviction relief.  See Fla. R. Crim. P. 3.850.  Determining that the defendant is entitled to amend one facially insufficient claim and that a claim of cumulative error must be addressed, we remand on these two issues.  In all other respects, we affirm.

The defendant was found guilty, by a jury, of one count of lewd or lascivious molestation of a child over twelve years of age (count I), and one count of lewd or lascivious molestation of a child under twelve years of age (count II). He was sentenced

to fifteen years in prison on count I and to thirty years in prison on count II, to be followed by lifetime sex-offender probation. The defendant filed a direct appeal, and we affirmed. Hauter v. State, 158 So. 3d 603 (Fla. 5th DCA 2015).

The defendant then filed the instant motion raising six claims of ineffective assistance of counsel. The trial court summarily denied the motion, and this appeal timely followed.

In order to successfully argue ineffective assistance of counsel, a defendant must allege that counsel's performance was deficient and that he or she was prejudiced as a result. Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986) (citing Strickland v. Washington, 466 U.S. 688 (1984)). To demonstrate that counsel's performance was deficient, the defendant "must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards." Id.

In claim 4, the defendant alleged defense counsel was ineffective in advising him to reject the State's plea offer and proceed to trial. He asserts that he wanted to take the State's offer of five years in prison followed by ten years of sex-offender probation, but his defense counsel told him that "she thought she could win at trial." In summarily denying this claim, the trial court stated that, at a pre-trial hearing, the defendant stated that he was aware of the potential maximum sentences he faced and that he voluntarily rejected the plea offer.

"A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute an actionable ineffective assistance of counsel claim." Lamb v. State, 202 So. 3d 118,120 (Fla. 5th DCA 2016) (quoting Colon v. State, 909 So.

2

2d 484, 490 (Fla. 5th DCA 2005)).  In Lamb, the defendant filed a motion for post-conviction relief, alleging that defense counsel had erroneously told her she would win at trial and to reject a plea offer. After the trial court conducted a colloquy, in which the defendant rejected the plea offer, the defendant was convicted and sentenced to a harsher sentence than the State's plea offer. Id. The trial court summarily denied the claim. Id. On appeal, we explained that the defendant's claim as to defense counsel's misadvice regarding the plea offer was facially insufficient because the defendant had failed to allege "that counsel's assessment of the chances of success at trial was unreasonable . . . . or that counsel had not investigated or was otherwise not familiar with the case." Id. at 120 (citing Morgan v. State, 991 So. 2d 835, 841 (Fla. 2008)), receded from on other grounds by Alcorn, 121 So. 2d at 419)). We reversed the summary denial of the claim and remanded for the defendant to receive an opportunity to amend the claim in good faith.

Similarly, in this case, the trial court erred in summarily denying this claim. Like the defendant in Lamb, the defendant rejected a favorable plea offer after the trial court conducted a colloquy, in which he was apprised of the maximum sentences he faced. Also, like the defendant in Lamb, the defendant has alleged that defense counsel was ineffective for assuring him he would win at trial and persuading him to reject the plea offer. Also, similar to the defendant in Lamb, the defendant's claim does not contain any specific allegation of deficient performance by defense counsel to show that her advice was unreasonable or that she was otherwise unfamiliar with his case. Thus, this claim for relief is facially insufficient, but the defendant is entitled to an opportunity to amend the

3

claim. <u>See</u> Fla. R. Crim. P. 3.850(f)(2); <u>see also</u> <u>Spera v. State</u>, 971 So. 2d 754 (Fla. 2007).

In claim 6, the defendant alleged that defense counsel's "errors had the cumulative effect of being unduly prejudicial." The trial court did not address this claim; therefore, we remand for the trial court to do so.

AFFIRMED in part; REVERSED in part; and REMANDED.

PALMER, ORFINGER and WALLIS, JJ., concur.