IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VERNARDO J. GRAY,

      Appellant,

 v.                                   Case No. 5D16-3260

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 3, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Vernardo J. Gray, Malone, pro se.

No Appearance for Appellee.

EDWARDS, J.

Appellant, Vernardo J. Gray, appeals the trial court's order summarily denying his motion for postconviction relief. Appellant was convicted of attempted second-degree murder (count 1) and aggravated assault with a firearm (count 2). He was sentenced to concurrent terms of thirty years in prison on count 1 and twenty years in prison on count 2. Appellant timely filed an original, then an amended, and finally a second amended motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Appellant raises four claims of ineffective assistance of counsel. The

postconviction court summarily denied all four claims. For the reasons set forth below, we reverse as to Claim One and affirm as to Claims Two, Three, and Four.

In order to successfully argue ineffective assistance of counsel, a defendant must allege that counsel's performance was deficient and that he or she was prejudiced as a result. *See Maxwell v. Wainwright*, 490 So. 2d 927, 932 (Fla. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (additional citation omitted)). To show that counsel's performance was deficient, the defendant "must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards." *Id.* To show the requisite prejudice, the defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Wainwright v. State*, 896 So. 2d 695, 698 (Fla. 2004) (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

In Claim One, Appellant alleges that defense counsel was ineffective for advising Appellant to reject the State's plea offer of five years in the Department of Corrections. Appellant asserts that defense counsel incorrectly advised him that Appellant's recorded statement could not be admitted in evidence, and that without that evidence, the State's case was "extremely weak." Appellant claims that if defense counsel had made him aware of the potential that his recorded statement would be admissible, he would have accepted the State's offer of five years. He further asserts that the State would not have withdrawn its offer and that the offer would have been accepted by the trial court, resulting in a significantly shorter prison term.

In its order summarily denying Claim One, the trial court explained that because defense counsel inquired about the recorded statement just prior to trial, Appellant was on notice that the statement would be admitted. The trial court thus concluded that because of this knowledge Appellant cannot establish that defense counsel was ineffective. To uphold a summary denial by the trial court, "the claims must be either facially invalid or conclusively refuted by the record." *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)). The allegations of defendant's motion are assumed to be true unless conclusively refuted by the record. *See* Fla. R. Crim. P. 3.850(f)(4)-(6) (permitting summary denial of claims only if "conclusively refuted" by the record); *Freeman v. State*, 761 So. 2d 1055, 1065 n.9 (Fla. 2000).

"A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel." *Colon v. State*, 909 So. 2d 484, 490 (Fla. 5th DCA 2005) (quoting *Steel v. State*, 684 So. 2d 290, 291 (Fla. 4th DCA 1996)). The Florida Supreme Court has stated as follows:

> [I]n order to show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013).

Appellant claims that defense counsel told him that his recorded statement could not be admitted. The trial transcript shows that defense counsel asked the trial court for additional time to review the recorded statements with Appellant. To the extent that

3

defense counsel may have privately misadvised Appellant regarding the admissibility of the recorded statement, the record does not conclusively refute this claim. The transcript suggests that Appellant was not in the courtroom when defense counsel discussed the statement with the court. Specifically, defense counsel informed the court that he had discussed certain matters with Appellant "downstairs" and would like to have a few minutes to discuss the State's plea offer "once [Appellant was] upstairs." Additionally, the record does not show that Appellant formally rejected the plea offer or that the trial court inquired about the plea offer.

Because Appellant's claim is facially sufficient and because the record does not conclusively refute Claim One, we reverse and remand for the postconviction court to attach the records that conclusively refute this claim or, in the alternative, hold an evidentiary hearing.

Claims Two, Three, and Four are meritless. Accordingly, we reverse as to Claim One and affirm as to Claims Two, Three, and Four.

AFFIRMED in part; REVERSED in part.

PALMER and LAMBERT, JJ., concur.

4