EDWARDS, J. Appellant Michael Lee Brown appeals the postconviction court’s summary denial of ground one of his Florida Rule of Criminal Procedure 3.850 motion. Appellant alleged that his trial attorneys did not adequately advise him as to the “details and the strength” of the State’s case and that had he been properly advised, he would have accepted the State’s plea offer of fifteen years’ imprisonment, instead of proceeding to trial. We agree that the. court erred in summarily denying ground one without attaching refuting documents. The minor victim in this "case told her mother that Appellant, who is the victim’s father, had sexual intercourse with her on different dates and at different places. The mother told the police, and later took her daughter to the doctor where it was determined that the victim was pregnant. Under the circumstances, the victim chose to terminate the pregnancy. ■ The police had DNA testing performed on the aborted fetus, which initially identified no foreign DNA and showed results only for.the victim’s DNA. A second test identified Appellant as the father of the fetus with a 98.9% level of confidence. Appellant was arrested, charged with, and convicted of three counts of sexual battery on a person twelve to eighteen years old by a person in familial/custodial authority, two counts of lewd/lascivious molestation of a child twelve to sixteen years old, and one count of lewd/lascivious exhibition by a person eighteen years or older. Appellant claimed in ground one of his motion for1 postconviction relief that his counsel assured him that he had a strong case because, among other things, the DNA evidence was inconclusive and they would be able to introduce evidence of the victim’s other sexual encounters. Shortly before trial, the trial court granted the State’s motion in limine pursuant to the rape shield laws. Appellant claims that ruling should have made it clear to his counsel that what Appellant understood to be an important part of his defense had been defeated before trial commenced. Further, it was clear prior to trial that the DNA results from the second test were unquestionably consistent with Appellant being the father of the aborted baby. Appellant alleges that, following' the ruling on the rape shield issue and with knowledge of the damning DNA test results, the State made a plea offer of a fifteen-year sentence in return for a guilty plea. Appellant asserted in ground one that his trial counsel, armed with the information discussed above, did not revise the case evaluation nor did they advise' him to accept that fifteen-year offer, rather 'than risk the 135-year prison sentence he received following his jury trial conviction. The postconviction court summarily denied ground one but held’ an evidentiary hearing on grounds that are not the subject matter of this appeal. The issues to be addressed in ground one were whether counsel, following the rape shield ruling and receipt of the DNA test results, were ineffective by failing to revise their assessment of the strength of Appellant’s case or by failing to advise Appellant to accept the State’s fifteen-year prison offer. Rather than address those issues directly as to ground one, the postconviction court instead found that Appellant was not prejudiced because defense trial counsel had “subjected the State’s case to a meaningful adversarial testing.” . . ,¡ “A claim that . misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel.” Gray v. State, 220 So.3d 464, 466 (Fla. 5th DOA 2017) (quoting Colon v. State, 909 So.2d 484, 490 (Fla. 5th DCA 2006)). “If a ground’s allegations are facially sufficient (pled in sufficient detail), the trial court must grant an evidentiary hearing unless the allegations are legally invalid (legally insufficient on their'face) or records in the court’s file conclusively show that the defendant is entitled to no relief.” Lebron v. State, 100 So.3d 132, 133 (Fla. 5th DCA 2012) (citations omitted). We reverse the order as to 'ground one because the post-conviction court did not hold an evidentia-ry hearing nor did it attach any records addressing Appellant’s ground one claims. Accordingly, we remand and instruct the postconviction court to either • conduct an evidentiary hearing on the issues material to, ground one or attach documents that conclusively refute those issues. REVERSED AND REMANDED WITH INSTRUCTIONS. SAWAYA and ORFINGER, JJ., concur.