DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENSON LOUIMA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3930

[June 6, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. 12-10035CF10A.

Kenson Louima, Florida City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal from a summary denial of appellant's motion for post-conviction relief, appellant contends that he is entitled to an evidentiary hearing on his motion, as the record does not conclusively refute his claim. He maintains that his attorney provided ineffective assistance by advising him to reject a plea and misinforming him that the lesser included charge to the crime of carjacking was grand theft. Appellant rejected the plea, and at trial, he was convicted of a lesser included charge of robbery, increasing his sentence far above the plea offer. We agree that the record is insufficient to refute appellant's claims and reverse for an evidentiary hearing.

Appellant was charged with carjacking. After rejecting a plea offer, he went to trial and was convicted of the lesser included offense of robbery. His conviction was affirmed on appeal, although the sentence was reversed to determine whether he qualified as a prison releasee reoffender. *Louima v. State*, 175 So. 3d 893, 896 (Fla. 4th DCA 2015). His PRR status was confirmed on resentencing and affirmed on appeal.

After his appeal was concluded, appellant filed a motion for post-conviction relief based on ineffective assistance of counsel. He alleged that the State had made a plea offer of five years in prison for a conviction for grand theft. He claimed that his attorney advised rejecting the plea, because the case for carjacking was weak and the worst that appellant would face would be a conviction for the lesser included offense of grand theft, which was the State's offer. Based upon this advice, appellant rejected the plea. He alleges that his attorney was ineffective for failing to advise him that a lesser included offense of carjacking was robbery, for which he was ultimately convicted and sentenced to fifteen years in prison. He would have accepted the offer if his attorney had given him the correct information.

The State contends that the record conclusively refutes appellant's allegations. Prior to trial, the court inquired of the plea offer and questioned appellant. The State set forth the offer, including the fact that grand theft was a lesser included offense. The court asked the appellant whether anyone had coerced him or promised him anything to reject the plea (generally the question asked when a defendant is accepting a plea), to which appellant responded "no." The State contends that appellant "lied" by stating that no promises were made to him.

To make a legally sufficient claim of ineffective assistance for advising a defendant to reject a plea offer, a defendant must show:

> that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013). The plea proceeding shows that the offer was confirmed in open court; the court would have accepted the offer; and both the conviction and sentence would have been less severe under the plea offer. Appellant clearly alleged that he would have accepted the offer had he been correctly advised. Therefore, the sole question is whether misadvice as to the lesser included offense to the main charge under these circumstances constitutes ineffective assistance of counsel.

"A claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer can constitute actionable ineffective assistance of counsel." *Lamb v. State*, 202 So. 3d 118, 120 (Fla. 5th DCA

2

2016) (quoting *Colon v. State*, 909 So. 2d 484, 490 (Fla. 5th DCA 2005)). A claim of misinformation must be specific as to the deficient performance by counsel. *Id.* In *Lamb*, the alleged misadvice was the attorney's claim that the defendant would win at trial. Without specific deficiencies, such as a failure to investigate, the claim was legally insufficient. *Id.* Where, however, the misadvice involves the extent of penalties to which the defendant may be subject, a sufficient claim is stated. An ineffective assistance claim is sufficient where the attorney failed to advise the defendant of the maximum penalty that he or she faces or for misadvising the defendant that he or she does not qualify as a habitual offender if a plea is rejected. *See, e.g., Alcorn*; *Ramos v. State*, 141 So. 3d 643, 644-45 (Fla. 4th DCA 2014); *Jackson v. State*, 987 So. 2d 233, 234 (Fla. 4th DCA 2008); *Cowart v. State,* 864 So. 2d 583, 585 (Fla. 3d DCA 2004).

This case presents a claim of misadvice as to factual information which was necessary to allow the defendant to weigh whether to accept the plea offer. Counsel misinformed the appellant that the lesser included offense of carjacking was grand theft, and that it carried a five-year prison sentence. This was erroneous, as robbery is also a lesser included offense of carjacking, and robbery carried a fifteen-year prison sentence. This advice was not a promise by counsel of a result, but erroneous factual information of the potential range of penalties appellant faced should he proceed to trial. Appellant rejected the plea offer, because he was misinformed as to his exposure based upon the lesser included offenses. Counsel's advice to appellant was correct insofar as he advised appellant that he would not be convicted of carjacking; however, he was ineffective for failing to know that appellant could be convicted of robbery, a significantly greater crime and penalty than grand theft.

We conclude that appellant's allegations raised a legally sufficient claim of ineffective assistance of counsel. The record does not conclusively refute appellant's motion. We reverse and remand for an evidentiary hearing.

*Reversed and remanded for further proceedings.*

CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3