PER CURIAM.
Nickki Pierre Charles challenges the order denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We remand on grounds five and ten because the postconviction court failed to address those grounds. We affirm in all other respects.
Florida Rule of Criminal Procedure 3.850(f)(8)(A) provides that the postconviction court must "make findings of fact and conclusions of law" with respect to the issues raised in the postconviction motion and addressed at an evidentiary hearing. If the court does not address each ground raised in the postconviction motion, the court's ruling on the unaddressed ground must be reversed and remanded for the court to enter the required findings. Dillbeck v. State , 882 So. 2d 969, 971-72 (Fla. 2004) ; see also Hauter v. State , 206 So. 3d 839, 841 (Fla. 5th DCA 2016) (reversing in part order denying rule 3.850 motion and remanding for court to address claim of ineffective assistance of counsel based on cumulative error where claim, though raised in motion, was not addressed in order).
Here, the postconviction court generally denied all grounds in its final order "for the reasons announced by the Court on the record in detail at the conclusion of the Rule 3.850 evidentiary hearing." However, a review of the record reveals that the court did not address grounds five or ten either orally or in writing. We recognize that claims of cumulative error, as alleged in ground ten, are appropriately denied when every other ground for relief is rejected, but nevertheless the ground must be addressed. Thus, on remand, the court shall enter an order making findings of fact and conclusions of law as to grounds five and ten.
AFFIRMED in part, REVERSED in part, and REMANDED.
COHEN, LAMBERT, and SASSO, JJ., concur.