DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTOR MALDONADO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1893

[May 12, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan L. Alspector, Judge; L.T. Case No. 16-010235 CF10A.

Victor Maldonado, Madison, pro se.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Victor Maldonado appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, in which he raised three grounds for relief. We affirm as to grounds one and two but reverse and remand for an evidentiary hearing on ground three.

Maldonado entered a negotiated plea to armed sexual battery (count one), attempted first-degree murder (count two), kidnapping (count three), and false imprisonment (count four). Pursuant to the plea agreement, he was sentenced to four concurrent terms of 15 years in prison to be followed by concurrent terms of 15 years of sex offender probation on counts one, two, and three, and two years of sex offender probation on count four. He was also declared to be a sexual predator.

In his rule 3.850 motion, Maldonado raised three grounds for relief: (1) his sentence on count four is illegal because it exceeds the statutory maximum of five years for a third-degree felony; (2) counsel was ineffective for failing to request a competency evaluation; and (3) counsel was

ineffective for misadvising him to reject a more favorable plea offer. The court summarily denied the motion, and this appeal followed.

We affirm the summary denial of grounds one and two. As to ground one, Maldonado's sentence on count four is legal because it does not exceed the lowest permissible sentence reflected on his scoresheet. *See State v. Gabriel*, No. SC19-2155, 2021 WL 1310352 (Fla. Apr. 8, 2021). As to ground two, Maldonado did not sufficiently allege deficient performance or prejudice. *See Thompson v. State*, 88 So. 3d 312, 319-20 (Fla. 4th DCA 2012).

As to ground three, however, we reverse and remand for an evidentiary hearing. Maldonado alleged that, early in the case, the prosecutor offered him five years in prison followed by five years of probation, with the armed sexual battery charge dropped. According to Maldonado, counsel advised him not to accept the offer because it would remain open until trial, and he could negotiate an even better offer in a few months after the current judge retired. Maldonado rejected the offer, and the prosecutor later withdrew it. Maldonado alleged that he would have accepted the offer but for counsel's misadvice, the prosecutor would not have withdrawn the offer before he accepted it, the judge would have accepted the plea, and as a result of rejecting the offer he received a more severe sentence and was declared a sexual predator. Maldonado stated a facially sufficient claim and the court did not identify any records to conclusively refute it. *See Morgan v. State*, 991 So. 2d 835, 840-41 (Fla. 2008); *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013); *see also Louima v. State*, 247 So. 3d 564 (Fla. 4th DCA 2018). We therefore reverse the summary denial of ground three and remand for an evidentiary hearing on that ground only.

*Affirmed in part; reversed and remanded in part.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2