DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT KEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1495

[March 1, 2023]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 50-2015-CF-006454-AXXX-MB.

Robert David Malove of The Law Offices of Robert David Malove, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Robert Key appeals an order denying his rule 3.850 motion for post-conviction relief following an evidentiary hearing. Key established that counsel misadvised him during plea negotiations and demonstrated a reasonable probability that he suffered prejudice as a result. We therefore reverse the order denying his rule 3.850 motion and remand for the trial court to determine an appropriate remedy.

## Background

Key was charged with attempted first-degree murder with a deadly weapon. The state offered him a plea to 15 years in prison, which he did not accept. At trial, he conceded that he was guilty of aggravated battery, a lesser-included offense, but argued that there was no evidence of the intent required to support a conviction for a higher offense. The jury found him guilty of aggravated battery. After the verdict, the state filed a notice of intent to seek a habitual felony offender (HFO) sentence. The trial court sentenced Key to 30 years in prison as an HFO.

At the evidentiary hearing on his rule 3.850 motion, Key testified that he rejected the state's 15-year plea offer because counsel advised him that he likely would be convicted of aggravated battery as a lesser-included offense and would face a maximum sentence of 15 years. Counsel admitted that he thought Key had a "free swing" at trial because the state was offering the maximum sentence for aggravated battery, but he failed to realize that Key qualified as an HFO and therefore could be sentenced up to 30 years for that offense. Key and counsel both testified that, in all likelihood, Key would have accepted the 15-year plea offer if he had known he could be sentenced up to 30 years as an HFO even if he were successful in obtaining a conviction for aggravated battery.

The trial court denied Key's motion, finding that he failed to establish a reasonable probability that the trial judge would have accepted the plea. This appeal followed.

## Analysis

On appeal from the denial of a rule 3.850 motion following an evidentiary hearing, we review the trial court's legal conclusions *de novo*, and we review its factual findings for competent substantial evidence. *Sparre v. State*, 289 So. 3d 839, 847 (Fla. 2019).

We have recognized that counsel can be deemed ineffective for misadvising a defendant as to the potential range of penalties he will face at trial, including his exposure based on lesser-included offenses, when he is weighing whether to accept a plea offer. *Louima v. State*, 247 So. 3d 564, 566 (Fla. 4th DCA 2018); *see also Vars v. State*, 50 So. 3d 1202, 1203 (Fla. 4th DCA 2010) (counsel has a duty to determine whether the defendant qualifies for enhanced sentencing even if the state has not yet filed a notice of intent to seek enhanced sentencing). Here, it is undisputed that counsel told Key he was likely to be convicted of aggravated battery if he proceeded to trial and misadvised him that he could be sentenced to a maximum of 15 years for that offense. Counsel failed to realize that Key qualified as an HFO and therefore could be sentenced up to 30 years for aggravated battery. *See* § 775.084(4)(a)2., Fla. Stat. (2015).

To demonstrate prejudice resulting from counsel's misadvice, Key needed to establish a reasonable probability that (1) he would have accepted the 15-year plea offer if counsel had properly advised him, (2) the prosecutor would not have withdrawn the offer, (3) the judge would have accepted the plea, and (4) his conviction or sentence, or both, would have been less severe than that which was ultimately imposed. *See Alcorn v.*

2

*State*, 121 So. 3d 419, 430 (Fla. 2013); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) (a "reasonable probability" is one "sufficient to undermine confidence in the outcome" of the proceeding).

Key established a reasonable probability, sufficient to undermine our confidence in the outcome of the proceeding, that he was prejudiced by counsel's misadvice. As to the first *Alcorn* factor, both Key and counsel testified that Key would have accepted the 15-year plea offer if counsel had properly advised him that he could be sentenced up to 30 years as an HFO even if he were successful in obtaining a conviction for aggravated battery. The trial court did not find that testimony not to be credible, and the state did not introduce any evidence to refute it. As to the second and third *Alcorn* factors, an objective assessment of the circumstances at the time of the plea offer does not reveal any particular fact that would have caused the prosecutor to withdraw the offer or the judge not to accept the plea. *See Missouri v. Frye*, 566 U.S. 134, 148-49 (2012).[1] Finally, as to the fourth *Alcorn* factor, it is undisputed that Key's sentence would have been less severe if he had accepted the 15-year plea offer.

We therefore reverse the order denying Key's rule 3.850 motion. On remand, the trial court shall determine an appropriate remedy under *Lafler v. Cooper*, 566 U.S. 156, 170-72 (2012). *See also Alcorn*, 121 So. 3d at 428-29; *State v. Elma*, 325 So. 3d 139, 141-42 (Fla. 5th DCA 2020). The court may need to take additional evidence as to the nature of the plea offer. *See Kohutka v. State*, 343 So. 3d 660, 665 n.4 (Fla. 2d DCA 2022).

*Reversed and remanded with instructions.*

DAMOORGIAN, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We are unpersuaded by the state's reliance on the judge's comments on the morning of jury selection, when Key attempted to reopen plea negotiations. These comments do not constitute competent, substantial evidence as to whether the judge would have accepted the plea if Key had accepted the state's offer at the time it was made. *See Alcorn*, 121 So. 3d at 432 (prejudice must be determined based on the circumstances as they existed at the time of the plea offer).

3