DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL DIAZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2066

[January 7, 2026]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 17-003298-CF10A.

Lindsay L. Chase of Lindsay Chase P.L.L.C., Hollywood, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Richard C. Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Daniel Diaz appeals an order summarily denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised five grounds for relief. We reverse and remand for an evidentiary hearing as to Diaz's claim in ground one that counsel failed to sufficiently advise him of his sentencing exposure, which caused him to reject a favorable plea offer. We otherwise affirm.

**Background**
Diaz was initially charged in this case with attempted first-degree murder with a firearm (count one), possession of a firearm by a juvenile delinquent (count two), and carrying a concealed firearm (count three). The charge in count one was later reduced to attempted second-degree murder with a firearm. In both versions of the information, the State alleged as to count one that Diaz actually possessed and discharged a firearm during the commission of the offense and caused great bodily harm to the victim as a result, as necessary to support the imposition of a mandatory minimum sentence of 25 years to life under the 10-20-life statute. See § 775.087(2)(a)(3), Fla. Stat. (2016).

Diaz entered an open plea of no contest on count two and went to trial on counts one and three. As to count one, the jury found Diaz guilty of aggravated battery as a lesser-included offense and found that he actually possessed and discharged a firearm and caused great bodily harm to the victim as a result. As to count three, the jury found Diaz guilty as charged. The court sentenced Diaz to 25 years in prison as a mandatory minimum on count one, with concurrent sentences of 15 years on count two and five years on count three.

In ground one of his rule 3.850 motion, Diaz claimed counsel was ineffective for failing to sufficiently explain the applicability of the 10-20-life statute before he rejected an eight-year plea offer. Specifically, he claimed counsel failed to explain that, if he went to trial, even if he were convicted of a lesser-included offense on count one, the court still would be required to impose a mandatory minimum sentence of at least 25 years and up to life if the jury found that he actually possessed and discharged a firearm and caused great bodily harm to the victim as a result. Diaz alleged that he would have accepted the plea offer if he had been advised of that fact. He further alleged that the State would not have withdrawn the offer, the court would have accepted the plea, and his sentence would have been less severe than the 25-year mandatory minimum he ultimately received.

The trial court summarily denied ground one for two reasons: (1) there was no record evidence that the State ever made an eight-year plea offer; and (2) the court fully explained the applicability of the 10-20-life statute when Diaz rejected a 15-year plea offer just before trial.

Diaz filed a timely notice of appeal.

**Analysis**

The summary denial of a claim raised in a rule 3.850 motion can be upheld only if the claim is facially invalid or is conclusively refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999).

Diaz pled a facially sufficient claim that counsel was ineffective for failing to adequately explain his sentencing exposure under the 10-20-life statute when he was considering the eight-year plea offer. *See, e.g., Key v. State*, 357 So. 3d 1227, 1229 (Fla. 4th DCA 2023); *Louima v. State*, 247 So. 3d 564, 566 (Fla. 4th DCA 2018). Diaz also sufficiently alleged prejudice under *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013).

At this stage, the trial court was required to accept Diaz's allegations

2

as true to the extent they were not refuted by the record, including the allegation that the State made an eight-year plea offer at some point before it made the 15-year offer. *Peede*, 748 So. 2d at 257; *Tribbitt v. State*, 339 So. 3d 1029, 1033 (Fla. 2d DCA 2022); *but see Capalbo v. State*, 73 So. 3d 838, 840 (Fla. 4th DCA 2011) (recognizing that the court is not required to accept as true an illogical or inherently incredible allegation). The court did not attach any records refuting Diaz's allegation that an eight-year plea offer was made, and we reject the State's unelaborated argument that the allegation was inherently incredible.

Diaz's claim that he was not sufficiently advised of the applicability of the 10-20-life statute when he was considering the eight-year plea offer is not refuted by the colloquy surrounding his rejection of the 15-year plea offer just before trial. The fact that Diaz was aware of the applicability of the 10-20-life statute at that time is immaterial to whether he was properly advised at the time he was considering the eight-year plea offer, which he alleged was made earlier in the case. See, e.g., *Alcorn*, 121 So. 3d at 432 (stating that the court must consider the defendant's claim in light of the circumstances as they existed at the time the plea offer was made).

Because Diaz's claim in ground one was facially sufficient and is not conclusively refuted by the record, the trial court erred in summarily denying it. We therefore reverse the court's order as to ground one and remand for an evidentiary hearing on that ground only. We affirm the summary denial of Diaz's other four grounds for relief without comment.

*Affirmed in part; reversed and remanded in part.*

MAY, LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**