IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERTO CRUZ-BETANZOS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4451

Opinion filed July 21, 2015.

An appeal from an order of the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

Roberto Cruz-Betanzos, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Jessica DaSilva, Assistant Attorney General, and Trisha Meggs Pate, Bureau Chief – Criminal Appeals, Tallahassee, for Appellee.

PER CURIAM.

     The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground one without further discussion. We reverse and remand the denial of ground two for further proceedings.

In ground two, the appellant alleges that counsel was ineffective for failing to advise him to take a nine-year plea offer. See Lafler v. Cooper, 132 S. Ct. 1376, 1387 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."); Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) ("To show prejudice . . . where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel . . . [and] a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it."). When determining whether a defendant was prejudiced by counsel's alleged deficiencies during the plea process, a defendant must show "that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013) (citing Frye and Lafler). Here, the appellant alleges that a nine-year offer was made, that he would

have accepted it had he been properly advised, that the state would not have rescinded the offer, that the trial court would have accepted it, and that the offer of nine years was less than the fifteen-year sentence he ultimately received. The trial court's attachments do not refute the appellant's facially sufficient allegations. Thus, we reverse and remand the denial of ground two for the trial court to hold an evidentiary hearing.[1]

AFFIRMED in part, REVERSED and REMANDED in part for further proceedings consistent with this opinion.

THOMAS, MARSTILLER, and KELSEY, JJ., CONCUR.

---

[1] We express no opinion as to the merits of the appellant's allegations.