PER CURIAM.
Legrand Jean Paul appeals an order summarily denying his rule 3.850 motion. We reverse and remand as to his first ground, and otherwise affirm.
Paul was convicted following a jury trial of two counts of sexual activity with a child, nine counts of showing obscene material to a minor, and two counts of promoting sexual performance by a child. The trial court sentenced Paul to consecutive thirteen year terms on counts one and two, and concurrent ten and five year terms on the other counts. The trial court subsequently mitigated count two to a seven year term.
In ground one, Paul claimed that counsel was ineffective for misadvising him to reject a favorable plea offer. His motion satisfied the elements of Alcorn v. State, 121 So.3d 419 (Fla.2013), and the record on appeal does not refute the claim Brice v. State, 162 So.3d 81, 83 (Fla. 4th DCA 2014).
Paul alleged that the State offered him a ten-year plea which was “subject to. negotiation.” He claimed that, when relaying the offer, counsel failed to advise him of the maximum penalty of 130 years in prison, or that the judge could impose a twenty-six year term. Further, counsel failed to advise him of the sexual predator designation or the possibility of civil commitment after incarceration. Paul also alleged that counsel did not review the evidence with him and explain why the case was not defensible.
In accordance with Alcorn, Paul alleged that had he been advised of his 130-year exposure or been told about the strength of the State’s case, he would have asked counsel to continue plea negotiations. If unsuccessful, he would have accepted the ten-year offer. Acknowledging that he protested his innocence, Paul alleged that counsel should have explained the concept of a “best interest” plea. See Jacques v. State, 193 So.3d 1065 (Fla. 4th DCA 2016) (remanding for further Alcorn review and commenting “[ejven those who believe they are innocent may enter a plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)”).,
Paul asserted that the ten-year offer remained open until trial, the prosecutor would not have withdrawn the offer, and nothing indicates that the court would have rejected the ten-year term, which is less than the sentence imposed. See Al-corn, 121 So.3d at 422. We conclude that the claim was sufficiently pleaded and reverse the summary denial for the trial court to either attach records conclusively refuting Paul’s claim, or in the alternative, hold an evidentiary hearing. We affirm the summary denial of Paul’s remaining grounds without further discussion.

Affirmed in part, reversed in part and remanded.

WARNER, TAYLOR and KLINGENSMITH, JJ„ concur.