B.L.THOMAS, J.,
DISSENTING.
I respectfully dissent, because Appellant established that he was entitled to relief under Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and Alcorn v. State, 121 So.3d 419 (Fla. 2013). Defense counsel provided ineffective assistance to Appellant by affirmatively advising him that he had a “possibility” of obtaining an acquittal, when under the “facts and circumstances” of this ease, Appellant had a zero possibility of obtaining an acquittal. Cfi Morgan v. State, 991 So.2d 835, 841 (Fla. 2008) (affirming denial of eviden-tiary hearing where, although defense counsel informed client he should reject plea offer, and defendant was convicted and received harsher sentence, defendant failed to allege that “counsel’s assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case”), receded from on other grounds by Alcorn, 121 So.3d at 419. Defense counsel, who had never previously tried a criminal case in Florida, failed to properly inform Appellant that he had no reasonable alternative to accepting the State’s highly advantageous plea offer, which required no incarceration. Defense counsel misled Appellant, who, thinking he could be acquitted, was predictably convicted and received a mandatory ten-year prison term.
Defense counsel’s unjustified confidence regarding the likely outcome at trial mi-sadvised Appellant at a critical stage of the criminal prosecution. Thus, counsel provided ineffective assistance, in violation of the Sixth Amendment to the United States Constitution, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Based on the evidence, including Appellant’s motive and his inculpatory statements to the police, no reasonable jury would have acquitted Appellant. This was not a case where, identification was at issue, where the State’s testifying witness was cooperating in order to hope to receive a more favorable plea offer, or where the occurrence of the crime was in question. Instead, this was a case where any reasonable defense counsel would have warned Appellant in the most vigorous manner possible that a jury would find Appellant guilty.
When an attorney negligently advises a client that they may have a possibility for an acquittal, when in fact there is no reasonable possibility for such a result, ineffective assistance is demonstrated if the defendant testifies that he or she would have accepted the plea offer with professionally accurate advice. See Hauter v. State, 206 So.3d 839 (Fla. 5th DCA 2016) (citing Lamb v. State, 202 So.3d 118, 120 (Fla. 5th DCA 2016), for proposition that *1088 “ ‘[a] claim that misinformation supplied by counsel induced a defendant to reject a favorable plea offer’ ” can state a facially valid postconviction claim, and that defendant must allege that “counsel’s assessment of the chances of success at trial was unreasonable” (quoting Colon v. State, 909 So.2d 484, 490 (Fla. 5th DCA 2005))); Paul v. State, 198 So.3d 999, 1000 (Fla. 4th DCA 2016) (ordering hearing on claim, based in part on defendant’s claim that counsel failed to inform him of maximum sentence or “why case was not defensible”). Here, despite defense counsel’s unrebutted testimony that she informed Appellant the plea offer was a good offer, she failed to advise Appellant to forego a trial that was certain to result in a conviction and mandatory prison term. Instead of enabling Appellant’s wishful thinking that he (and counsel) might prevail at trial, defense counsel had an affirmative obligation to do just the opposite—encourage Appellant to accept the plea offer in the firmest manner, consistent with counsel’s obligation to zealously represent Appellant at trial.
Although the trial court rejected the credibility of Appellant’s self-serving testimony that counsel had not informed him that his pretrial statements were inculpa-tory, [1] even this finding supports rather than defeats Appellant’s argument, in part, at least, as it goes to the reality faced by defense counsel and Appellant: Appellant’s own words to law enforcement were sure to inculpate him before the jury, providing all the more reason to accept the plea offer.
Furthermore, there are two fundamental and salient facts here which are not in dispute regarding the evidence Appellant faced at trial. First, there was no dispute that the person testifying against Appellant, who had previously been charged and acquitted, was going to identify Appellant as the person who was the actual perpetrator in firebombing the doctor’s home. And second, this same witness would credibly establish, along with other evidence, that no one except Appellant had any motive to commit this violent crime, because Appellant thought the victim, a doctor, had provided negligent medical care to Appellant’s grandmother. And the acquittal of the other party who testified against Appellant was not a fact or circumstance that favored Appellant. The other party did not give similar inculpatory pretrial statements and did not have Appellant’s motive for committing the crime. Even if there was evidence that the other party may have been a principal to the offense, this fact did not exculpate Appellant, but only gave the jury reason to think Appellant was the actual perpetrator who relied on the other party’s experience with explosives to help carry out the crime.
Despite these monumental disadvantages, however, defense counsel advised Appellant that there was a real possibility of success:
I advised him that it is possible that he can win. I advised him also that he could take the plea. I would never go to trial knowing the client would lose. If he thought he had a chance, if I thought no way you had a chance, I would get off the case before I tried the case.
But if he was confident that he could win and I was confident that he could win, I was confident that we could at least cast reasonable doubt, then yes, I’d say there is a chance you can win. I would never guarantee success, ever. *1089 But, yes, I gave him a chance that, I did say there was a chance he could win.
(Emphasis added.) This was not trial strategy, but unjustified confidence and a failure to properly advise Appellant that he had to accept the plea if he wanted to avoid a sure conviction and ten years in state prison. Defense counsel’s illusory evaluation of success was not based on any reasonable view of the evidence, but only on mutually reinforcing false hopes between defense counsel and Appellant. Defense counsel’s performance was therefore deficient by misleading Appellant into a false expectation of success at trial, despite the overwhelming evidence of Appellant’s guilt.
The fact that Appellant, a person not trained in the law, thought he might obtain an acquittal is not dispositive, when the deficient performance is defense counsel’s failure to warn of the adverse consequences Appellant was certain to suffer should he go to trial. It is only speculation to assume Appellant would have continued to obstinately refuse to accept such a generous plea offer, given the State’s evidence, as it was defense counsel’s professional obligation, as counsel, to properly advise Appellant, which would have removed all doubt as to whether Appellant would have accepted a plea offer that no rational defendant would refuse. Cf. Munoz v. S. Miami Hosp., Inc., 764 So.2d 854, 857 (Fla. 3d DCA 2000) (stating that “[i]t simply flies in the face of common sense” and indulges in improper speculation to uphold summary judgment based on physician’s failure to warn other physician of potential adverse medical consequences “conveyed with due concern and gravity by pi’ofessional colleagues,” even where physician, who was not warned, testified he received similar information from lay person). Here, it “flies in the face of common sense” to speculate that Appellant would have chosen a conviction and ten years’ imprisonment, rather than plead guilty but avoid incarceration. Appellant, like all criminal defendants, must rely on the legal advice of an attorney to “convey[] with due concern and gravity” the catastrophic consequences that will follow a reckless decision to turn down the only viable option of a favorable and lenient plea settlement when faced with a certain conviction and lengthy incarceration. Id.
In order to determine if a defendant was prejudiced by trial counsel’s deficiencies during a plea offer, a defendant must show that: (1) he would have accepted the plea offer had trial counsel advised him correctly; (2) the State would not have withdrawn the plea offer; (3) the trial court would have accepted the plea offer; and (4) the conviction or sentence or both would have been less severe under the plea offer than the defendant received under the judgment and sentence that were actually imposed. Cruz-Betanzos v. State, 169 So.3d 1236, 1237 (Fla. 1st DCA 2015). All criteria here are met. Because of defense counsel’s ineffective legal advice, Appellant was denied the opportunity to make an informed choice, and the record shows that had he been properly informed, in blunt, no-uncertain terms that he was going to be convicted and would be required to serve a ten-year prison term, he would have chosen to accept the plea offer. While the court found that Appellant did not want to accept the plea so he could continue with his nursing education, a guilty verdict, conviction and a ten-year prison term were obviously going to preclude that option. Furthermore, there was no dispute that the plea remained in effect or that the trial court would have accepted the plea.
A criminal trial is not the occasion for hoping for a miracle at a client’s expense. Had defense counsel properly advised Appellant, when on the day of trial counsel put on the record that a plea offer was made and rejected, then the ineffective *1090 ness claim could be rejected. But this would require that defense counsel inform the court, and Appellant, that counsel had urged him, to accept the plea, advised that he was highly likely to be convicted because the evidence was overwhelming, and that Appellant’s rejection of the very reasonable plea offer was against defense counsel’s clear advice to the contrary.
Defense counsel acknowledged that, had she thought there was no possible chance for an acquittal (which there wasn’t, absent a jury pardon), she would have declined to represent Appellant at trial. But that is not the proper response here. Instead, what defense counsel should have told Appellant, in so many words, was: “You have no reasonable chance of winning this trial, and if you turn down the plea, you are choosing a prison sentence over a sentence of house arrest and probation, so I must urge you in the most strenuous terms possible to accept the plea, and if you do not, I must establish a record that your decision is against my legal advice.” Whether defense counsel would then be allowed to withdraw from representing Appellant is not relevant here. And had Appellant, in this scenario, demanded defense counsel withdraw, this issue would not be before us here.
The final question here is what precise remedy should be provided. The State had offered a plea of no incarceration, but community supervision of five years, to include two' years of community control. If Appellant was granted relief, I would have recommended the trial court consider' the analysis and commentary of Lafler:
The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms. In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence. This is typically the case when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial. In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel’s errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.
In some situations it may be that resen-tencing alone will not be full redress for the constitutional injury. If, for example, an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge’s sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. See, e.g., Williams[ v. Jones], 571 F.3d [1086] at 1088 [(10th Cir. 2009)]; Riggs v. Fairman, 399 F.3d 1179, 1181 (C.A.9 2005). In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.
In implementing a remedy in both of these situations, the trial court, must weigh various factors; and the boundaries of proper discretion need not be defined here. Principles elaborated over time in decisions of state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear upon the *1091 exercise of the judge’s discretion. At this point, however, it suffices to note two considerations that are of relevance. First, a court may take account of a defendant’s earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions. Second, it is not necessary here to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made. The time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer, but that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial.
Lafler v. Cooper, 132 S.Ct. at 1389.
Here, this case appears to qualify for the second category described in Lafler, because Appellant was convicted of an offense requiring imposition of a mandatory prison term. Thus, the most practical remedy would be to order the state attorney to reoffer the original plea offer, allow Appellant to accept a modified plea offer which includes a guilty plea to both offenses, and credit for time served in state prison up to the date this case is resolved, and issue an order vacating the conviction resulting from the trial. Alcorn, 121 So.3d at 428-29. This was a very serious crime, and Appellant’s legal and moral culpability is not in doubt. The prison sentence he has served is appropriate punishment for this violent offense, and by including it in a modified postconviction plea offer, the interests of justice and the recognition of the “considerable resources the State properly invested in [Appellant’s] prosecution” would be properly accommodated. Id at 428, As recognized in Lafler, the courts which face these types of claims must be allowed latitude in crafting remedies.
I would reverse for the reasons stated above for' further proceedings. Thus, I respectfully dissent.

. The trial court conducted a prompt and comprehensive evidentiary hearing, and while I disagree with the legal conclusions of the trial court’s order, based on the facts adduced at the hearing in a light most favorable to the order, I commend the trial court’s efforts to ensure Appellant’s claim was thoroughly and timely evaluated.